## Lehigh Valley Coal Sales Company, Appellant, v. Otto Kuecken et al., trading as William Kuecken & Company, Appellees.

### Gen. No. 20,599.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 14, 1915.

### Statement of the Case.

Action by the Lehigh Valley Coal Sales Company, plaintiff, against Otto Kuecken, Adolf Kuecken and Minnie Kuecken, copartners, trading as William Kuecken & Company, defendants, in the Municipal Court of Chicago, to recover for coal sold, after a dissolution of the partnership, to one of the partners who continued the business after such dissolution, using the former partnership name. Part of the coal sued for was sold by plaintiff and part by a corporation of which plaintiff was the successor and assignee. Such assignor corporation had dealings with the partnership while defendants were members, though plaintiff had no such dealings. All of the coal sued for was sold after the dissolution, of which plaintiff had no notice. At least one and one-half years before the sale of any of the coal sued for, defendants mailed to such assignor corporation a printed notice of the dissolution. The letter containing the notice was addressed to such assignor corporation at a former place of business, it having removed to another place of business, also in Chicago. After suit was brought, defendant Otto Kuecken was adjudicated a bankrupt, and the action seems to have been discontinued as to him, before trial. From a judgment of *nil capiat,* plaintiff appeals.

HOAG & ULLMANN, for appellant.

Henry D. Coghlan, for appellees; George F. Ort, of counsel.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Partnership, § 352*—*when notice of dissolution not necessary.* In an action against members of a dissolved partnership, by a plaintiff who had no dealings with the partnership prior to the dissolution to recover for goods sold after such dissolution to one of the partners who, after such dissolution, and with the consent of the other partners, continued the business under the former partnership name, an instruction that plaintiff could not recover *held* proper, although plaintiff had no notice of the dissolution, for the reason that in such case defendants were not bound to notify plaintiff to escape liability on contracts made subsequently by one doing business under the former partnership name.

2. Partnership, § 352*—*when notice of dissolution necessary.* A partner who withdraws from the partnership cannot divest himself of liability for debts subsequently contracted by it with persons who had dealings with the partnership prior to his withdrawal except by proof that such persons received actual notice of his withdrawal.

3. Partnership, § 352*—*when evidence sufficient to show receipt of notice of dissolution.* Evidence that a notice is mailed to a corporation, addressed to its former place of business, *held* prima facie evidence that the notice was duly delivered to such corporation at a new place of business, it appearing that at the time the notice was mailed such corporation received from fifty to seventy-five letters a day.

4. Appeal and error, § 1410*—*when finding of jury on question of fact not disturbed.* In an action against members of a dissolved partnership, to recover for goods sold by a corporation of which plaintiff is the successor and assignee to one who, after such dissolution, and when the sale was made, was doing business under the former partnership name, where the main issue was the receipt by such assignor corporation of a printed notice of such dissolution, mailed to it by defendants one and one-half years before the sale of the goods, *held* that the record presented a question of fact for the jury, on which their verdict was conclusive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.